UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONYEISHA MISH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TFORCE FREIGHT, INC.,<br><br>　　　　Defendant. | Case No. 21-cv-04094-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 26 |

　　Plaintiff Donyeisha Mish ("Mish"), formerly employed as a Parts Clerk for Defendant TForce Freight, Inc ("TForce"), brings wage-and-hour and unfair competition claims under California law on behalf of herself and two putative classes of non-exempt TForce Freight employees in California in her First Amended Complaint. Docket No. 24 ("FAC").

　　Pending before the Court is TForce's motion to dismiss the third, fourth and seventh causes of action in the FAC and to dismiss or strike all class allegations. Docket No. 26 ("MTD"). For the following reasons, the Court **GRANTS** TForce's motion to dismiss Mish's seventh cause of action and all class allegations (but grants Mish leave to amend her claims), and **DENIES** TForce's motion to dismiss Mish's third and fourth causes of action to the extent they pertain to allegations on her own behalf.

## I.　　BACKGROUND

A.　　Allegations in the ("FAC")

　　The FAC alleges that Mish is a "resident of California" who "was employed by Defendants as a non-exempt employee working as a parts clerk in California from approximately January 2007 to October 2020." FAC ¶ 14. The FAC alleges seven causes of action against

TForce under California law:

>(1) Recovery of Unpaid Minimum Wages (Labor Code §§ 1194, 1194.2);
>
>(2) Recovery of Unpaid Overtime Wages (Labor Code §§ 510, 1194);
>
>(3) Failure to Provide Meal Periods (Labor Code §§ 512, 226.7);
>
>(4) Failure to Provide Rest Periods (Labor Code § 226.7);
>
>(5) Failure to Provide Accurate Wage Statements (Labor Code § 226);
>
>(6) Waiting Time Penalties (Labor Code § 201, *et seq*.); and
>
>(7) Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq*.).

*See* FAC. Mish asserts the meal and rest break causes of action (claims 3 and 4) on behalf of herself and a putative subclass of Parts Clerks "or similar position[s]," while Mish asserts the other causes of action on behalf of herself and a putative class of all non-exempt TForce employees in California since March 10, 2017. FAC ¶¶ 19-20, 26, 51, 53.

### 1. Claims 1 & 2: Minimum and Overtime Wages

Mish alleges she and all members of the putative class of non-exempt employee in California were "required to change into their work uniforms (kept in work at lockers) before clocking in, and [were] required to change out of their uniforms and undergo security checks for their bags after clocking out." *Id.* ¶ 27. Mish alleges that TForce did not compensate employees for time spent at a guard station before arriving to work, putting on and taking off uniforms, and going through post-shift security checks because the clock-in and clock-out procedures reflected the time a shift was *scheduled* to start or end, not the *actual* time at which an employee arrived at or left work. *Id.* ¶ 28-29, 33. Mish alleges, specifically, by way of example, that she was required to go to a guard station before work, to change in and out of her uniform, and complete post-shift security checks without pay during the week of September 27 – October 3, 2020. FAC ¶¶ 27, 28.

### 2. Claims 3 & 4: Meal and Rest Breaks

Mish alleges she and other Parts Clerks (a putative subclass of non-exempt employees) were "required to take non-compliant meal periods because they regularly would have their meal

2

periods interrupted and/or cut short by management and other employees requiring assistance, and management would insist the work be done immediately rather than after the meal period." *Id*. ¶ 37. Specifically, by way of example, Mish alleges she "suffered a meal period that was interrupted by a supervisor on September 2, 2020" and "was not paid for her time working during the interruption." *Id*.

Mish also alleges that she and other Parts Clerks were entitled to "two uninterrupted ten-minute rest breaks" per shift, but they "were denied compliant rest periods because they regularly would have their rest periods interrupted and/or cut short by management and other employees requiring assistance, and management would insist the work be done immediately rather than after the rest period." *Id*. ¶ 38. Specifically, by way of example, Mish alleges she "suffered a rest period that was interrupted by a supervisor during the week of August 23 – 29, 2020." *Id*.

### 3. Claims 5 & 6: Wage Statements and Waiting Time Penalties

Based on Mish's allegations on behalf of herself and the applicable putative classes of violations of minimum wage and overtime wages, and meal and rest breaks, Mish makes corresponding allegations that Defendant's wage statements were inaccurate, FAC ¶¶ 57-60, and that Defendant owes waiting time penalties for failure to pay full wages to employees who it no longer employs, *id.* ¶¶ 62-63.

### 4. Claim 7: Violation of Unfair Competition Law

Mish alleges a claim for equitable remedies (disgorgement and injunctive relief) under California's unfair competition law because Defendant's alleged failure to pay minimum and overtime wages and failure to provide compliant rest and meal breaks constitute "unlawful, unfair or fraudulent" business practices. FAC ¶ 66. Mish alleges she and putative class members lack an adequate remedy at law because (i) some of their Labor Code claims carry a three-year statute of limitations, while her UCL claim extends the statute of limitations by one year, and because (ii) they seek injunctive relief. *Id*. ¶ 69.

## B.  Procedural Background

Mish filed this class-action wage-and-hour suit in Alameda County Superior Court on March 10, 2021. Defendant TForce timely removed the action to this Court on May 28, 2021.

1   Docket No. 2.  TForce filed a motion to dismiss and/or strike Mish's Complaint on June 4, 2021.
2   Docket No. 8.  The parties met and conferred; they stipulated to Plaintiff's withdrawal of the
3   Complaint and set a date for Plaintiff to file a FAC and for Defendant to respond. Docket No. 19.
4   Plaintiff filed the FAC on July 30, 2021.  Docket No. 24.  Now pending before the Court is
5   TForce's motion to dismiss claims 3, 4 and 7 of the FAC and to dismiss or strike all class
6   allegations.  Docket No. 26.

## II.  JURISDICTION

The Court has original jurisdiction of this action under the Class Action Fairness Act ("CAFA") because the amount in controversy exceeds $5,000,000, there is minimal diversity, and the number of class members exceeds 100.  28 U.S.C. § 1332(d)(2); *see* Docket No. 2 at 3 (Mish is a citizen of California; TForce is a citizen of Virginia); *id.* at 7-8 (the amount in controversy exceeds $17 million); *id.* at 2 (this putative class action is brought on behalf of all of TForce's non-exempt employees in California since March 10, 2017, which amounts to 2,919 employees).

## III.  LEGAL STANDARD

A.  Failure to State a Claim (Rule 12(b)(6))

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(b)(6).  To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).  The court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  But "allegations in a complaint . . . may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt*, 765 F.3d at 1135 (quoting *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d

1  990, 996 (9th Cir. 2014)). "A claim has facial plausibility when the Plaintiff pleads factual

2  content that allows the court to draw the reasonable inference that the Defendant is liable for the

3  misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a

4  'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

5  unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

6  Where a motion to dismiss is granted, a district court must decide whether to grant leave to

7  amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to

8  amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655,

9  658 (9th Cir. 1992). However, a Court does not need to grant leave to amend in cases where the

10 Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*,

11 *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to

12 amend is not an abuse of discretion where the pleadings before the court demonstrate that further

13 amendment would be futile.").

## IV.    ANALYSIS

15 This order will address, in turn, TForce's contentions that Mish's allegations of meal and

16 rest break violations on her own behalf (claims 3 & 4), violations of the UCL (claim 7) and class

17 allegations fail to state claims.

18 A.    Claims 3 & 4: Mish's Individual Meal and Rest Break Claims

19 TForce argues that Mish fails to plead facts sufficient to a state claims on her individual

20 meal and rest break theories (the third and fourth claims in the FAC) because her claims rely on

21 "generic allegations" lacking details about particular "circumstances, occurrences and events"

22 indicating TForce's liability as required under *Twombly*. See MTD at 5-6. TForce notes that even

23 in Mish's purportedly specific allegations about particular violations of her rest and meal breaks,

24 FAC ¶¶ 37-38, the FAC does not detail the location of Mish's work for TForce, fails to identify

25 the supervisor who interrupted her work, and does not explain what work she was required to

26 perform, MTD at 5. The Court disagrees with TForce. Mish has alleged enough on her individual

27 meal and rest break theories to state claims.

28 Under Section 512(a) of the California Labor Code, an employer must provide an

1  employee with a thirty-minute meal period for every five hours of work.  *See* Cal. Lab. Code §
2  512(a).  To satisfy its obligation to provide meal periods, an employer must "relieve[ ] its
3  employees of all duty, relinquish[ ] control over their activities and permit[ ] them a reasonable
4  opportunity to take an uninterrupted 30–minute break," without "imped[ing] or discourag[ing]
5  them from doing so."  *See Brinker Rest. Corp. v. Superior Court*, 53 Cal.4th 1004, 1040–41
6  (2012).  Once the employer has relieved the employee, it is not required to police meal breaks to
7  ensure that the employee is not performing work.  *See id.* ("Bona fide relief from duty and the
8  relinquishing of control satisfies the employer's obligations.").  "[S]ection 512 requires a first meal
9  period no later than the end of an employee's fifth hour of work, and a second meal period no later
10 than the end of an employee's 10th hour of work."  *Id*.  In addition, an employer in the
11 transportation industry must permit all employees to take ten minutes of rest time for every four
12 hours of work.  Wage Order No. 9, Cal. Code Regs. Tit. 8, § 11090, ¶ 12.

13 Mish alleges that TForce had a "de facto policy of requiring parts clerks to work during
14 meal and rest breaks during time when the worksite was busy" and that she "regularly would
15 have" her meal and rest periods "interrupted and/or cut short by management and other employees
16 requiring assistance, and management would insist the work be done immediately rather than
17 after" the meal or rest period.  FAC ¶¶ 37-38.  Mish notes specific weeks during which a
18 "supervisor" "interrupted" her rest and meal breaks.  *Id. ¶¶* 37-38.  While Mish could allege more
19 detail regarding violations of her meal and rest break entitlements, as currently pled, Mish has
20 satisfied the requirements of Rule 8 by providing "sufficient allegations of underlying facts to give
21 fair notice and to enable the opposing party to defend itself effectively."  *Levitt*, 765 F.3d at 1135.
22 Mish has explained how the meal and rest break violations occur – *e.g.*, not because of a failure to
23 provide them but because it is common for these breaks to be interrupted when the worksite is
24 busy.

25 The parties discuss whether the Ninth Circuit's articulation in *Landers v. Quality*
26 *Commc'ns, Inc.,* 771 F.3d 638, 646 (9th Cir. 2014) that, within the context of wage-and-hour
27 claims under the Fair Labor Standards Act, a complaint must assert "detail regarding a given
28 workweek" when the alleged violation occurred in order to state a claim applies to Mish's

6

allegations under California law here. Some district courts have applied *Landers* standard to wage-and-hour cases under California law. *See e.g., Haralson v. United Airlines, Inc.,* 224 F. Supp. 3d 928, 942 (N.D. Cal. 2016); *Boian v. Schneider Logistics Transloading and Distribution, Inc.*, 2020 WL 5356707, at *8 (C.D. Cal. 2020). The Court need not decide whether *Landers* controls here because, even assuming that it does, Mish's meal and rest break claims comply with *Landers*' requirement to allege violations during a particular work week. *See* FAC ¶¶ 37-38. Mish has provided sufficient information to plausibly allege and state claims that TForce violated at least one of her meal and rest breaks. Contrary to TForce's view, there is no reason why Mish must include the name of the supervisor who interrupted her or the location of her worksite to make plausible her allegations that at least one of her meal and rest periods were violated.

B.    Claim 7: Unfair Competition

Mish's seventh claim seeks equitable remedies – disgorgement for all unpaid wages due and injunctive relief – pursuant to California's Unfair Competition Law ("UCL"). FAC ¶¶ 64-70; Bus. & Prof. Code §§ 17200, *et seq*. Mish's UCL claim is predicated on the violations of the Labor Code she alleges in claims 1-6. FAC ¶ 66. TForce seeks dismissal of Mish's UCL claim with prejudice on the grounds that Mish has not and cannot sufficiently plead that she lacks an adequate remedy at law. MTD at 7-10. In her opposition, Mish argues that she can allege her UCL claim in the alternative to her legal remedies, and, even if she cannot, she had sufficiently alleged the lack of an adequate remedy at law. Docket No. 27 ("Opp.") at 8-10, 12-14.

1.    Mish Must Sufficiently Allege She Lacks an Adequate Remedy at Law in Order to State a Claim Under the UCL

The parties dispute whether Mish must sufficiently plead that she lacks an adequate remedy at law in order to state a claim under the UCL. She must.

The UCL provides only equitable remedies. *Nationwide Biweekly Admin., Inc. v. Superior Court*, 9 Cal.5th 279, 292, (2020) (concluding that the "causes of action established by the UCL" are "equitable in nature"). "A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available." *Philips v. Ford Motor Co.*, 2015 WL 4111448, at *16 (N.D. Cal. 2015) (*citing Knox v. Phoenix Leasing, Inc.*, 29 Cal. App. 4th 1357, 1368

7

(1994)); *see also Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009) ("[E]quitable relief is not appropriate where an adequate remedy exists at law."). When a state law claim for equitable relief is before a federal court, "the necessary prerequisite for a court to award equitable remedies is the absence of an adequate remedy at law." *Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1129 (9th Cir. 2020). In *Sonner v. Premier Nutrition Corp.,* the Ninth Circuit made clear that this principle applies when a federal court sitting in diversity presides over claims for equitable relief under California's UCL. 971 F.3d 834, 844 (9th Cir. 2020) ("we hold that the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action.").

Mish argues that she may seek remedies under the UCL for wage-and-hour claims under the California Supreme Court's decision in *Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal.4th 163, 177–78 (Cal. 2000), and that she need not allege an inadequate remedy at law in order to state a UCL claim. Opp. at 8-9. Specifically, she cites *Cortez's* analysis that "orders for payment of wages unlawfully withheld from an employee are also a restitutionary remedy authorized by section 17203" of the UCL. 23 Cal. 4th at 177. But even if Mish is correct about the implication of the California Supreme Court's decision in *Cortez*—that it abrogates any requirement that a plaintiff show an inadequate remedy at law in order to obtain equitable relief under the UCL—Mish's argument that *Cortez's* interpretation of the UCL is controlling *in federal court* is expressly foreclosed by the Ninth Circuit's decision in *Sonner*.

The *Sonner* Court, analyzed the application of the *Erie* doctrine to California's UCL and Consumer Legal Remedies Act ("CLRA") and concluded, "In accordance with *York*, we hold that a federal court must apply traditional equitable principles before awarding restitution under the UCL and CLRA." 971 F.3d at 841. The *Sonner* Court commented that "[i]t has been a fundamental principle for well over a century that state law cannot expand or limit a federal court's equitable authority" and, thus, "even if a state authorizes its courts to provide equitable relief when an adequate legal remedy exists, such relief may be unavailable in federal court because equitable remedies are subject to traditional equitable principles unaffected by state law." *Id.; see also id.* at

843 ("[O]ur decision mirrors those of several other circuits, which have concluded, consistent with *York*, that state law cannot circumscribe a federal court's equitable powers even when state law affords the rule of decision.") (Citation omitted).

The *Sonner* Court expressly rejected Mish's argument that *Cortez's* abrogation of traditional equitable principles could control here, in federal court: "At bottom, '[t]hat a State may authorize its courts to give equitable relief unhampered by' the 'restriction[ ]' that an adequate remedy at law be unavailable 'cannot remove th[at] fetter[ ] from the federal courts.'" *Id.* at 843-44 (quoting *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 105-06 (1945)); *see also id.* at 845 (holding that "because Sonner fails to demonstrate that she lacks an adequate legal remedy in this case, we affirm the district court's order dismissing her claims for restitution").

Thus, in order for Mish to state a claim under the UCL for equitable remedies (including disgorgement and injunctive relief), she must sufficiently plead that she lacks an adequate remedy at law. *See In re Macbook Keyboard Litig.*, 2020 WL 6047253 (N.D. Cal. 2020) ("The question is not whether or when Plaintiffs are required to choose between two available inconsistent remedies, it is whether equitable remedies are available to Plaintiffs at all. In other words, the question is whether Plaintiffs have adequately pled their claims for equitable relief, and that question is not premature on a motion to dismiss").

2. <u>Mish Fails to Sufficiently Plead She Lacks an Adequate Remedy at Law to State a Claim Under the UCL</u>

Mish pleads two reasons why she and other class members have no adequate remedy at law. First, because their claims under the California Labor Code "permit recover[y] during a time period that commences, at most, three years prior to filing of this action," whereas the UCL allows recovery for violations that occurred *four years* prior to filing. FAC ¶ 69. Thus, Mish alleges they are without an adequate remedy at law for violations that took place more than three years ago, but within four years. *Id.* And, second, Mish alleges she "and Class Members seek injunctive relief." *Id.* As pled, neither of these allegations are sufficient to state a claim under the UCL.[1]

---

[1] Mish does not allege the UCL provides a cause of action otherwise substantively different from that provided by other legal causes of action, such as where the plaintiff asserts a claim under the

9

a. <u>The Difference in Statute of Limitations Between the Labor Code and UCL is not a Sufficient Basis to Allege Lack of an Adequate Remedy at Law</u>

Mish's UCL claim seeks "restitution of all unpaid wages and other sums owed," which is the same relief she seeks with her Labor Code claims. *See* FAC at 20-22 ("Prayer for Relief"). Therefore, Mish's own allegations show that the Labor Code provides an adequate legal remedy at law for each of her wage-and-hour claims. Since *Sonner*, courts have consistently dismissed purely derivative UCL claims in wage-and-hour actions in which damages and penalties are available for the same underlying Labor Code claims. *See, e.g., Hassell v. Uber Techs., Inc.*, 2020 WL 7173218, at *8 (N.D. Cal. 2020) (dismissing UCL claim derivative of wage-and-hour claims because the plaintiff "fails to show why he lacks an adequate legal remedy to pursue his § 17200 claim); *Alvarado v. Wal-mart Assocs., Inc.*, 2020 WL 6526372, at *4 (C.D. Cal. 2020) (dismissing UCL claim derivative of wage-and-hour claims where the plaintiff "seeks as restitution for her UCL claim the same amount as the damages she seeks for the Labor Code violations based on the same harm"); *Martinez v. Hub Grp. Trucking, Inc.*, 2021 WL 937671, at *8 (C.D. Cal. 2021) (dismissing UCL claim derivative of wage-and-hour claims because the complaint "does not establish that Plaintiff does not have an adequate remedy at law").

Mish attempts to get around the weight of law against her position by specifying that legal remedies under the California Labor Code are inadequate because she and class members could obtain an extra year of recovery under the longer statute of limitations under the UCL. But Mish cites no cases holding that a plaintiff lacks an adequate remedy at law because the UCL has a longer statute of limitations that the statute of limitations for the underlying claims. *Cf.* Opp. at 12-13. Indeed, several district courts have rejected Mish's theory. In *McFall v. Perrigo*, the Court rejected the plaintiffs' argument that "damages may prove to be inadequate in the event their UCL claim [was] dismissed, because the UCL has a four-year statute of limitations while the CLRA

---

"unfair" prong of the UCL. *Cf. Plumlee v. Pfizer, Inc.,* No. 13–cv–0414–LHK, 2014 WL 4275519, at *5 (N.D.Cal. 2014) ("A business practice violates the unfair prong of the UCL if it is contrary to 'established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits.'" (Citation omitted)). In such instance, the legal remedy is not equivalent to the UCL claim and hence may not be adequate.

10

[the statute underlying plaintiffs' claims] has a three-year statute of limitations, such that restitution under the UCL may allow for greater recovery than damages under the CLRA." 2021 WL 2327936, at *15 (C.D. Cal. 2021). The court reasoned that "[a]lthough Plaintiffs may prefer to maximize their ultimate recovery, the mere possibility that three years' worth of legal damages under the CLRA could be less than four years of equitable restitution under the UCL does not render three years' worth of legal damages inadequate, such that equitable restitution is warranted" and dismissed the UCL claim for equitable restitution. *Id. See also Franckowiak v. Scenario Cockram USA, Inc.*, 2020 WL 9071697, at *3 (C.D. Cal. 2020) (dismissing UCL claim and noting that "plaintiffs cannot persuasively argue that they lack an adequate remedy at law even when their claims under the California Labor Code are barred by the statute of limitations"); *Alvarado v. Wal-Mart Assocs., Inc.*, 2020 WL 6532868, at *3 (C.D. Cal. Oct. 2020); *cf. Kitazato v. Black Diamond Hosp. Invs.*, 655 F. Supp. 2d 1139, 1146-47 (D. Haw. 2009) (holding that the plaintiffs did not lack an adequate legal remedy even though their claims were time-barred because the "failure to file a proper claim within the statute of limitations does not make the remedy at law inadequate; it simply means Plaintiffs missed their opportunity to seek legal redress under those statutes").

The case Mish cites as most favorable to her position is *Nacarino v. Chobani, LLC*, No. 20-CV-07437-EMC, 2021 WL 3487117, at *12 (N.D. Cal. 2021), where the Court commented that a plaintiff's UCL claim failed, in part, because she did not allege any specific facts, such as "that she would receive less compensation via damages than restitution." But Mish's citation of this sentence fragment, out of context, does not support her argument. The *Nacarino* Court explained that the plaintiff failed to show inadequate remedies at law because her UCL claim was rooted in the same allegations for which she sought legal remedies, and she failed to demonstrate "inherent limitation of the legal remedy that renders it inadequate." *Id.* Nothing in the *Nacarino* analysis suggests that a difference in the statute of limitations between the underlying claim and the UCL would sufficiently demonstrate an inadequate remedy at law.

Thus, as currently pled, Mish's request for equitable restitution (or disgorgement) under the UCL as relief for underlying Labor Code violations fails to state a claim because it does not

11

1  sufficiently allege an inadequate legal remedy.

2            b.      <u>Mish Lacks Standing to Seek Injunctive Relief</u>

3        Mish's second theory underlying her request for equitable relief under the UCL is the need
4  for injunctive relief for herself and other class members. FAC ¶ 69. However, Mish lacks
5  standing to request injunctive relief from TForce because she is a former employee and, given the
6  lack of an ongoing employment relationship with TForce, she fails to demonstrate she is likely to
7  suffer irreparable harm.

8        The Ninth Circuit has repeatedly held that a "former employee has no claim for injunctive
9  relief addressing the employment practices of a former employer absent a reasonably certain basis
10 for concluding he or she has some personal need for prospective relief." *Bayer v. Neiman Marcus*
11 *Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017); *see also Walsh v. Nevada Dep't of Human Res.*, 471
12 F.3d 1033, 1036–37 (9th Cir. 2006) (concluding that a plaintiff requesting an injunction requiring
13 her former employer to adopt and enforce lawful policies "lacked standing to sue for injunctive
14 relief from which she would not likely benefit"); *Slayman v. FedEx Ground Package System, Inc.*,
15 765 F.3d 1033, 1048 (9th Cir. 2014) ("Because none of the *Slayman* class's named plaintiffs
16 worked for FedEx at the time the complaint was filed, the *Slayman* class lacked Article III
17 standing to seek prospective relief.").

18       District courts have held similarly where, as here, the injunctive relief seeks the former
19 employer's compliance with the California Labor Code. *See e.g., Perez v. Leprino Foods Co.*,
20 2018 WL 1426561, at *6 (E.D. Cal. 2018) (dismissing demand for injunctive relief because "[i]t is
21 well-settled that former employees lack standing to seek injunctive relief to ensure their former
22 employer's compliance with the California Labor Code") (internal quotation omitted); *Ahmed v.*
23 *W. Ref. Retail, LLC*, 2021 WL 2548958, at *7 (C.D. Cal. 2021) (dismissing request for UCL
24 injunctive relief because Plaintiff, a former employee, failed to establish a "personal need for
25 prospective injunctive relief against Defendant.").

26       Here, Mish makes no allegations regarding a "personal need" for prospective injunctive
27 relief against TForce. Nor does she explain any basis to expect that she is likely to have a
28 continuing relationship with TForce. Thus, she lacks standing to request injunctive relief. That

Mish purports to represent two putative classes in this action does not alter the analysis regarding her entitlement to injunctive relief under the UCL. *See Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief."). Thus, as pled, Mish has failed to state a claim for injunctive relief pursuant to the UCL.

The Court holds that Mish's UCL allegations as pled fail to state claims. Mish is granted leave to amend her UCL allegations.[2]

C.     Class Allegations

TForce moves to dismiss or strike all of Mish's class allegations. As discussed above, the Court dismisses with leave to amend Mish's individual and class claims for violations of the UCL (claim 7). The class allegations remaining for consideration are Mish's claims for unpaid minimum and overtime wages (claims 1 & 2) and of meal and rest break violations (claims 3 & 4). Claims 5 & 6, regarding wage statements and waiting time penalties, are wholly derivative of the underlying Labor Code claims, and therefore, do not require independent analysis at this stage. The Court dismisses each of Mish's class allegations.

Generally, "compliance with Rule 23 is not to be tested by a motion to dismiss for failure

---

[2] Mish filed a Statement of Recent Decision, Docket No. 30, bringing to the Court's attention the decision in *Guthrie v. Transamerica Life Ins. Co.*, No. 3:21-CV-04688-WHO, 2021 WL 4314909 (N.D. Cal. 2021). The *Guthrie* Court, sitting in diversity after the suit was removed to federal court, found that the plaintiff failed to allege an inadequate remedy at law in order for the federal court to exercise equitable jurisdiction over the UCL action as required by *Sonner*. *Id.* at *8. The *Guthrie* Court exercised its discretion to remand the case to state court where, under California state law principles, plaintiff need not allege an inadequate remedy at law to proceed. *Id. Guthrie* does not affect the Court's analysis here. First, unlike the plaintiff in *Guthrie*, Mish has never requested that this case be remanded to state court. *See United States v. Sineneng-Smith,* 140 S. Ct. 1575, 1579 (2020) ("[A]s a general rule, our system 'is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.'" (citation omitted)). Second, in *Guthrie* the only cause of action was under the UCL, and therefore, the federal court's lack of equitable jurisdiction pursuant to *Sonner* left it without a case to decide at all. *Guthrie's* analysis is inapplicable to the circumstances here where Plaintiff's UCL claim is the seventh of seven claims, and is completely derivative of Mish's Labor Code violations over which this Court does have jurisdiction. Mish has cited no authority warranting severance and partial remand or remand of an entire case which includes claims for which there is federal jurisdiction. Third, the plaintiff in *Guthrie* conceded inability to plead inadequate remedies at law under *Sonner*, whereas here, Mish argues she is able to sufficiently allege an inadequate remedy at law to sustain her UCL claim in federal court. Although the Court concludes that Mish failed to do so in the FAC, the Court grants Mish leave to amend her complaint to state a viable UCL claim.

to state a claim." *Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir. 1969); *see Haralson v. United Airlines, Inc.,* 224 F. Supp. 3d 928, 943 (N.D. Cal. 2016) (denying as "premature" Defendant's 12(b)(6) motion to dismiss class allegations in wage-and-hour action under California law and noting Defendant's arguments are more appropriately considered on a "motion for class certification"). However, (TForce cites and Mish concedes) that district courts do dismiss class allegations on a 12(b)(6) motion, applying the *Twombly/Iqbal* standard, where the complaint lacks *any* factual allegations and reasonable inferences that establish the plausibility of class allegations. *See e.g.*, *Zamora v. Penske Truck Leasing Co., L.P.*, 2021 WL 809403, at *3 (C.D. Cal. 2021) (dismissing class claims "brought on behalf of every worker Defendant employed in California over the past four years" and finding that "[w]hether Plaintiffs adequately allege claims on their own behalf is beside the point" because "Plaintiffs do not assert any factual support for their class allegations"… Plaintiffs cannot point to a fish in the surf to force Defendant on a deep-sea charter [of class discovery]"); *Byrd v. Masonite Corp.*, 2016 WL 756523, at *4 (C.D. Cal. 2016) (dismissing class claims where "Plaintiff alleges no facts to demonstrate or even suggest that any member of the putative class had similar work experiences" or to "show[ ] that Defendants had statewide policies or practices giving rise to Plaintiff's causes of action"). TForce argues that this is such a case.

D.   Claims 1 & 2

First, TForce contends that Mish's unpaid wages class allegations (claims 1 & 2) seek to cover *all* non-exempt TForce employees in California since March 10, 2017, but Mish fails to articulate *any* factual basis that her allegations of the clocking-in/our procedure, uniform changing procedure, and security check process that form the basis of her unpaid wage claims, FAC ¶¶ 27-31, apply equally or similarly to "every employee at every facility in" California. MTD at 11. The Court agrees. Mish's allegations that she "observed that other non-exempt employees" changed their uniforms and passed through security checks in the same manner that she did, *id.* ¶¶ 31-32, at *most*, allow "the court to draw the reasonable inference" that TForce is liable for conduct affecting the employees at Mish's worksite. *Iqbal*, 556 U.S. at 678. But Mish fails to detail which worksite she worked at, in which city, how many people worked at her worksite, whether he her

14

role was similar or different to those of others employed by TForce, whether her worksite was typical of other TForce worksites, nor how many worksites TForce has in California. We do not know, for instance, how many other worksites there are in California and whether each has a security check not in or proximate to the worksite. Nor do we know that *all* non-exempt employees are require to change into and out of uniforms at the worksite. In short, Mish fails to provide any basis to infer that her experience is typical for *every employee* California. Contrary to Mish's argument, reviewing Mish's class allegations at the motion to dismiss phase does not subject the class allegations to an impermissible heightened pleading standard, Opp. at 17. The analysis here simply requires that the class allegations abide by Rule 8's plausibility standard. *Jue v. Costco Wholesale Corp.*, No. C 10-00033 WHA, 2010 WL 889284, at *6 (N.D. Cal. 2010) (Class claims "must be supported by sufficient factual allegations demonstrating that the class device is appropriate and discovery on class certification is warranted.").

The Court grants TForce's motion to dismiss and grants Mish leave to amend to allege a sufficient factual basis to support a reasonable inference of plausibility for her class allegations on claims 1 and 2.

E. <u>Claims 3 & 4</u>

Mish's class allegations on behalf of all Parts Clerks in California on claims 3 and 4 are similarly deficient under Rule 8. Mish alleges:

> Plaintiff and the Parts Clerk Subclass Members were required to take non-compliant meal periods because they regularly would have their meal periods interrupted and/or cut short by management and other employees requiring assistance, and management would insist the work be done immediately rather than after the meal period. This was a result of Defendant's de facto policy of requiring parts clerks to work during meal and rest breaks during time when the worksite was busy. Accordingly, Plaintiff and the Parts Clerk Subclass Members were not provided with fully-compliant meal periods and were not provided with one hour of wages in lieu thereof under Defendants' policies and practices. . . .
>
> Plaintiff and the Parts Clerk Subclass Members were denied compliant rest periods because they regularly would have their rest periods interrupted and/or cut short by management and other employees requiring assistance, and management would insist the work be done immediately rather than after the rest period. Accordingly, Plaintiff and the Parts Clerk Subclass Members were not provided lawful rest periods and were not provided with one

15

        hour of wages in lieu thereof under Defendants' policies and practices.

FAC ¶¶ 37-38. These allegations amount to conclusory assertions of TForce's classwide conduct without sufficient factual basis. Mish's class allegations on claims 3 and 4 rest on the asserted of the existence of a "de facto policy" that applied to all Parts Clerks, but the allegations lack any description of the nature of the "de facto policy" or whether the workplace conditions (which drive regular interruptions of meal and rest breaks are similar at all worksites in California. *See Bush v. Vaco Tech. Servs., LLC,* No. 17-CV-05605-BLF, 2018 WL 2047807, at *7 ((N.D. Cal. May 2, 2018) (dismissing class claims and holding that "[u]nder *Twombly* and *Iqbal*, [the plaintiff] must do more than conclude that Defendants have a policy and practice to violate California labor laws").

     As currently pled, Mish's class allegations on claims 1, 2, 3 and 4 (and derivative wage statement and waiting time penalty claims, claims 5 and 6) lack "sufficient factual content" to enable "the Court to make a reasonable inference that Defendants are liable" for the claims alleged. *Deleon v. Time Warner Cable LLC*, 2009 WL 9426145, at *3 (C.D. Cal. 2009) (quoting *Iqbal*, 556 U.S. at 678). Thus, the Court dismisses Mish's class allegations and grants her leave to amend the claims.[3]

///
///
///
///
///
///
///
///
///

---

[3] The Court declines to address TForce's alternative motion to strike Mish's class allegations pursuant to Rule 12(f) as TForce fails to apply the Rule 12(f) standard in its briefs nor explain why the class allegations warrant striking.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** TForce's motion to dismiss Mish's seventh cause of action and all class allegations. The Court dismisses those claims without prejudice and grants Mish leave to amend her complaint within thirty (30) days from the date of this order. The Court **DENIES** TForce's motion to dismiss Mish's third and fourth causes of action to the extent they pertain to allegations on her own behalf.

This order disposes of Docket No. 26.

**IT IS SO ORDERED**.

Dated: October 6, 2021

_____
EDWARD M. CHEN
United States District Judge